IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID AUSTIN,

    Petitioner,                   No. CIV S-05-2541 GEB PAN P

    vs.

ANTHONY J. MALFI,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that this action is barred by the statute of limitations.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

/////

1

1  the United States is removed, if the applicant was prevented from filing by such State action;

2

3  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

5  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

7  28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

8  application for State post-conviction or other collateral review with respect to the pertinent

9  judgment or claim is pending shall not be counted toward any period of limitation under this

10  subsection."  28 U.S.C. § 2244(d)(2).

11  For purposes of the statute of limitations analysis, the relevant chronology of this

12  case is as follows:

13  1.  On April 18, 2001, petitioner pleaded guilty to one count of second degree

14  robbery in violation of California Penal Code § 211, with an arming enhancement; one count of

15  possession of cocaine in violation of California Health and Safety Code § 11350, subdivision (a),

16  and one count of petty theft in violation of California Penal Code § 666.  Petitioner was

17  sentenced to 13 years in state prison.

18  2.  Petitioner did not appeal his conviction.

19  3.  On December 29, 2003, petitioner filed a petition for writ of habeas corpus in

20  the Sacramento County Superior Court, case number 03F11292.  (February 17, 2006 Lodged

21  Document (hereafter "Lodged Document") No. 2.)  This petition was denied as untimely on

22  January 23, 2004, citing In re Clark, 5 Cal.4th 750, 774-75 (1993).  (Lodged Document No. 3.)

23  4.  On March 17, 2004, petitioner filed a second petition for writ of habeas corpus

24  in the California Court of Appeal, Third Appellate District, case number C046369.  (Lodged

25  Document No. 4.)  That petition was denied on April 1, 2004, without comment.  (Lodged

26  Document No. 5.)

5. Petitioner filed a third petition for writ of habeas corpus with the California Supreme Court on October 6, 2004, case number S128273. (Lodged Document No. 6.) That petition was denied on August 17, 2005, without comment. (Lodged Document No. 7.)[1]

6. On November 15, 2005, petitioner filed the instant action.

For most state prisoners, the one-year period of limitation begins to run when the prisoner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). In this case, petitioner has not asserted and it does not appear that any other provision of § 2244(d)(1) is applicable. Judgment was entered in petitioner's case on April 18, 2001, and became final sixty days later, on June 18, 2001, upon expiration of the time for filing an appeal. See Cal. Rules of Ct. 31 (prior to amends. effective Jan. 1, 2004). Accordingly, the AEDPA statute of limitations began to run for petitioner on June 18, 2001.

The statute of limitations expired one year later, on June 17, 2002, unless petitioner is entitled to the benefit of the tolling provisions. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled, however, during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).

In this case, petitioner's first state habeas petition was mailed to the Sacramento County Superior Court on December 19, 2003, more than one year and seven months after the

---

[1] In his opposition, petitioner disputes this recitation of his collateral challenges in state court, alleging that his petitions were all one continued collateral challenge to the three cases for which he was convicted (00F07697, 00F09377, 00F08895). Petitioner characterizes this recitation as "respondent's attempt to illustrate this progression as piecemeal through the state courts." (Opp'n at 3.) However, petitioner is mistaken. Petitioner appropriately filed his petitions in each state court and the recitation of his filings accurately reflects petitioner's efforts to exhaust his state court remedies as to petitioner's underlying conviction. There is no differentiation noted as to the three cases consolidated for trial below.

3

1  statute of limitations expired on June 17, 2002.  State habeas petitions filed after the one-year
2  statute of limitations has expired do not revive the statute of limitations and have no tolling
3  effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d
4  478, 482 (9th Cir.2001). The state habeas petitions filed by petitioner in 2003, long after the
5  statute of limitations had already expired, do not entitle petitioner to statutory tolling of the
6  one-year period of limitation.
7       Petitioner's federal habeas petition, dated and served on November 3, 2005, was
8  filed in federal court on November 15, 2005, over three years after the statute of limitations
9  expired on June 17, 2002.  This action is therefore barred by the statute of limitations.
10 III. Equitable Tolling
11      The doctrine of equitable tolling has been applied in cases where a party was
12 prevented from asserting a claim by wrongful conduct on the part of the opposing party or where
13 extraordinary circumstances beyond the party's control made it impossible for him to file a claim
14 on time.  Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir.1996).
15      The AEDPA statute of limitations is subject to equitable tolling, but "only when
16 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on
17 time' and 'the extraordinary circumstances were the cause of his untimeliness." ' Laws v.
18 Lamarque, 351 F.3d 919, 922 (9th Cir.2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th
19 Cir.2003)).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements:
20 (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
21 stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814 & 1815, n.8
22 (2005).  Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d
23 874, 877 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999).
24      The petitioner in the present case alleges that he did not appeal his conviction
25 because he had asked his trial counsel to file the appeal and petitioner reasonably relied on his
26 trial counsel to file a notice of appeal.  (Opp'n at 5.)  Petitioner states that it took him many,

many months to realize and actually know his trial counsel failed to file a notice of appeal. (Id.) Petitioner contends he attempted numerous times to obtain critical documents from his trial counsel to no avail. Petitioner maintains he did not become aware his trial counsel failed to file an appeal until his wife contacted the California Appellate Project during the month of July, 2002, when petitioner was first transferred out of a reception center to a mainline institution where he had access to a law library.

From July, 2002 to December 29, 2003, petitioner alleges he only had about 11 months to prepare his pro se habeas petition due to prison lockdowns. (Opp'n at 8-9.) Petitioner argues he exercised due diligence from the time he first filed his state habeas petition on December 29, 2003 through the various levels of state court review. (Opp'n at 3.)

However, petitioner's conclusory allegations do not demonstrate or even suggest that extraordinary circumstances existed continuously during the time that elapsed between June 18, 2001, when petitioner's statute of limitations period began to run, and July of 2002, when plaintiff states he first became aware his trial counsel failed to file an appeal. Nor has petitioner made any showing that he pursued his rights diligently during that time. Indeed, it appears petitioner did not seek his transcripts from the state court until June of 2003 (Opp'n, Ex. C), long after the statute of limitations had already run. Petitioner states he was diligent "subsequent to his initial discovery of the substantive violations made by his trial counsel." (Opp'n at 10.) Unfortunately, that diligence was too late.

The Ninth Circuit has held that equitable tolling may be warranted where an attorney retained to file a habeas petition effectively abandons his client and fails to file the habeas petition within the required period. Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir.2003).[2]

---

[2] The Spitsyn court was presented with the following facts: Though he was hired nearly a full year in advance of the AEDPA deadline, counsel completely failed to prepare and file a petition. Spitsyn and his mother contacted counsel numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless. Furthermore, despite a request that he return Spitsyn's file, counsel retained it for the duration of the limitations period and more than two months beyond. That conduct was so deficient as to distinguish it from the merely negligent

1  In that case, Spitsyn had retained counsel specifically to pursue habeas relief.  Here, petitioner
2  had allegedly asked trial counsel to file an appeal, and petitioner argues that "a reasonable and
3  competent attorney would have known to pursue an appeal from the conviction and sentence."
4  (Opp'n at 3.)  However, petitioner does not state that trial counsel agreed to file an appeal or that
5  petitioner retained trial counsel to file an appeal on petitioner's behalf.  Moreover, even if trial
6  counsel had agreed to file an appeal and failed to do so, such failure would only be viewed as
7  negligence, not as an extraordinary circumstance sufficient to warrant equitable tolling.
8  Incompetence and "negligence in general do not constitute extraordinary circumstances sufficient
9  to warrant equitable tolling."  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001); but see
10 United States v. Battles, 362 F.3d 1195 (9th Cir.2004) (leaving open the question of whether an
11 attorney's refusal to provide a habeas client with important parts of his legal file may rise to the
12 level of "extraordinary circumstances").  Although petitioner claims he made several attempts to
13 get his file from trial counsel without success, petitioner did not attempt to obtain court
14 transcripts from state court until June of 2003.  Because trial counsel was not retained to pursue a
15 collateral challenge on petitioner's behalf, those transcripts would not have been located in trial
16 counsel's files.  Thus, petitioner's delay in seeking said transcripts demonstrates petitioner was
17 not diligent in pursuing those records once his conviction became final on June 18, 2001 through
18 the running of the statute of limitations on June 17, 2002.
19         Moreover, an attorney's negligence in failing to advise his client of AEDPA's
20 limitation period also does not constitute an extraordinary circumstance sufficient to invoke
21 equitable tolling.  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001); see also Miranda v.
22 Castro, 292 F.3d 1063, 1066-67 (9th Cir.2002) (counsel's prejudicial miscalculation of deadline
23 did not constitute an extraordinary circumstance).
24 /////
25 /////
26 _____

performance of counsel in Frye and Miranda.  Spitsyn, supra.

1 For all of the foregoing reasons, respondents' motion to dismiss should be
2 granted.
3 In accordance with the above, IT IS HEREBY RECOMMENDED that:
4 1. Respondents' February 17, 2006 motion to dismiss be granted; and
5 2. This action be dismissed as barred by the statute of limitations.
6 These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8 days after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: April 20, 2006.

UNITED STATES MAGISTRATE JUDGE

1
aust2541.mtd